UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LILY NARVAEZ and ALDEAN ISAAC, on behalf of themselves and all others similarly-situated,

                Plaintiffs,

   -against-

UNITEDHEALTH GROUP INC., and UNITED HEALTHCARE SERVICES, INC., and ANGELO ZUFFANTE, in his professional and individual capacities,

                Defendants.

Docket No.: 14-CV-3025

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs, LILY NARVAEZ ("Narvaez" or "Plaintiff Narvaez") and ALDEAN ISAAC ("Isaac" or "Plaintiff Isaac") (collectively as "Plaintiffs"), on behalf of themselves and all others similarly situated (collectively as "FLSA Plaintiffs" or "Rule 23 Plaintiffs"), by and through their attorneys, Borrelli and Associates, P.L.L.C., bring this action for damages and other legal and equitable relief against UNITEDHEALTH GROUP, INC. ("UHG"), UNITED HEALTHCARE SERVICES, INC. ("UHS"), and Angelo Zuffante ("Zuffante"), in his professional and individual capacities, (collectively as "Defendants"), and allege upon knowledge as to themselves and their own actions and information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations committed by the Defendants of Plaintiffs', FLSA Plaintiffs', and Rule 23 Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp.

1

Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, N.Y. Lab. Law § 652(1); (v) the requirement that employers furnish employees with wage statements containing specific categories of accurate information under the NYLL § 195(3); and (vi) any other claims(s) that can be inferred from the facts set forth herein.

## PRELIMINARY STATEMENT

2. Defendants are serial and willful violators of the FLSA and NYLL's overtime and minimum wage requirements. As discussed below, Defendants implemented a straightforward scheme to avoid paying overtime and the minimum wage by only paying their employees for the first forty hours worked for each workweek, when in fact Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs worked on average sixty hours per week. The Defendants did not compensate Plaintiffs, FLSA Plaintiffs, or Rule 23 Plaintiffs at any rate of pay, let alone at the statutorily required minimum wage rate of pay, or their respective overtime rates of pay, for any and all hours that they worked per week in excess of forty. The Defendants also failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate and/or complete wage statements as required under the NYLL.

3. Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of themselves and all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

4. Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves and all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(i), as one or more of the defendants reside within this judicial district.

## PARTIES

7. At all relevant times herein, Plaintiff Narvaez is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA and NYLL.

8. At all relevant times herein, Plaintiff Isaac is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA and NYLL.

9. At all relevant times herein, Defendant UHG is a Minnesota corporation with its principal place of business located at 9900 Bren Road East, Minnetonka, Minnesota, 55343. At all relevant times herein, Defendant UHG conducted business within the State of New York by operating offices within the State of New York that provide healthcare coverage to residents of the State of New York, and by providing assistance to residents of New York registering for Medicaid, Qualified Health Programs under the Affordable Healthcare Act, and other government programs.

10. At all relevant times herein, Defendant UHS is a Minnesota corporation with its principal place of business located at 9900 Bren Road East, Minnetonka, Minnesota, 55343. At all relevant times herein, Defendant UHS conducted business within the State of New York by

operating offices within the State of New York that provide healthcare coverage to residents of the State of New York, and by providing assistance to residents of New York registering for Medicaid, Qualified Health Programs under the Affordable Healthcare Act, and other government programs.

11. At all relevant times herein, Defendant Zuffante: is a manager and overseer of the day-to-day operations of Defendants UHG and UHS; makes both supervisory and managerial decisions for Defendant UHG and UHS; and had the power to, and did in fact, hire and fire employees, supervise and control employee work schedules and conditions of employment, and determine the rates of employee pay and methods of payment.

12. At all relevant times herein, Defendants are "employers" and "persons" within the meaning of the FLSA and NYLL. The Defendants' qualifying annual business exceeds $500,000 and the Defendants are engaged in interstate commerce within the meaning of the FLSA, as Defendant provides health insurance products to individuals throughout the United States, the combination of which subjects the Defendants to the FLSA's overtime requirements as an enterprise. Additionally, Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs are and/or were all individually engaged in interstate commerce during their employment with Defendants, as they all, as their primary job duty, assisted individuals in applying for federal programs under the Affordable Healthcare Act, Medicaid, and other government programs. This independently subjects the Defendants to the FLSA's overtime requirements with respect to Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs seek to bring this suit to recover from Defendants their full payment of all unpaid minimum wages, overtime compensation and liquidated damages under the applicable

provisions of the FLSA, pursuant to 29 U.S.C. § 216(b), on their own behalf as well as those in the following class:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial employees who give consent to file a claim to recover damages for (1) overtime compensation that is legally due to them for the time worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them ("FLSA Plaintiffs").

14. The Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: performed similar tasks, as described in the "Background Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were not paid at an amount equal to the minimum hourly required rate of pay per hour worked; were required to work in excess of forty hours each workweek; and were not paid the required one and one-half times their respective regular rates of pay for all overtime hours worked per workweek.

15. At all relevant times, the Defendants are and have been aware of the requirement to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the minimum hourly required rate of pay per hour for all hours worked, as well as the rate of one and one-half times their respective rates of pay for all hours worked each workweek above forty, yet they purposefully chose not to do so.

16. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees minimum wage and overtime compensation for all hours worked per workweek.

## RULE 23 CLASS ALLEGATIONS

17. In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), on their own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, the Defendants subjected to violations of the NYLL and the NYCCRR.

18. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

19. The Rule 23 Class that Plaintiffs seek to define includes:

   Current and former employees of Defendants who performed any work for Defendants as non-managerial employees during the statutory period within the State of New York, who (1) did not receive compensation at the legally-required minimum rate of pay for each hour worked; (2) worked in excess of forty hours per week without receiving overtime compensation; and/or (3) were not issued accurate or any pay stubs/wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3) ("Rule 23 Plaintiffs").

### Numerosity

20. During the previous six years, Defendants have, in total, employed at least in excess of forty non-managerial employees that are putative members of this class.

## Common Questions of Law and/or Fact

21. There are common questions of law and fact that govern the claims that are available to each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants denied Rule 23 Plaintiffs compensable time for all hours worked; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective straight-time rates of pay for hours worked per week over forty or at the legally-prescribed minimum wage rate for each hour worked; whether the Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each hour worked by the Rule 23 Plaintiffs; whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what the proper measure of damages is.

## Typicality of Claims and/or Defenses

22. As described in the facts section below, Defendants employed Plaintiffs as non-managerial, hourly workers. Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work, and/or have worked for Defendants at one or more of their locations in excess of forty hours per week, as non-managerial employees

whom the Defendants paid on an hourly basis regardless of hours actually worked. Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid their full straight-time rate for all hours worked up to forty, and time and one-half their straight-time rates for all hours worked per week in excess of forty, and to be furnished with accurate paystubs on each payday. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiffs and the Rule 23 Plaintiffs have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

23. Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. The Defendants did not pay Plaintiffs overtime pay for their hours worked over forty each week, or compensate Plaintiffs for all hours worked at the minimum wage rate, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs. Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

### Superiority

24. Plaintiffs have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein,

Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25. Any lawsuit brought by a non-managerial, hourly employee of the Defendants would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

26. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this method is properly maintainable as a Class Action under FRCP 23(b)(3).

27. Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## BACKGROUND FACTS

28. Defendant UHG is a Minnesota corporation that conducts business in the State of New York. UHG provides healthcare coverage to individuals residing in New York, and throughout the United States, and assists New York residents in applying for healthcare coverage through the Affordable Healthcare Act, Medicaid, and other government programs.

29. Defendant UHS is a Minnesota corporation that conducts business in the State of New York. UHS provides healthcare coverage to individuals residing in New York, and throughout the United States, and assists New York residents in applying for healthcare coverage through the Affordable Healthcare Act, Medicaid, and other government programs.

30. At all relevant times, Defendant Zuffante was a manager for Defendants UHG and UHS, and had the power to, and did in fact, hire and fire all employees, supervise and control all employee work schedules and conditions of employment, and determine the rates of all employees' pay and methods of payment.

31. Indeed, Defendants UHG and UHS shared employees, and operated as one business in all respects.

32. At all relevant times, Plaintiff Narvaez, Plaintiff Isaac, FLSA Plaintiffs, and Rule 23 Plaintiffs were performing their duties for the benefit of and on behalf of all Defendants, within the State of New York.

## PLAINTIFF NARVAEZ'S PAY AND HOURS

33. Plaintiff Narvaez began working for Defendants in or around May 2012, and continues to be employed by Defendants as of this date.

34. From May 2012 to December 2013, Narvaez held the title of Facilitator Enroller. Narvaez's duties in this capacity consisted of assisting individuals in filling out applications for Medicaid and other government programs. As part of her duties, Narvaez was required to meet certain quotas as to the number of individuals whom she assisted in filling out applications for these programs.

35. From May 2012 to December 2013, Defendants paid Narvaez at a rate that calculates to $20.67 per hour for the first forty hours worked per week.

36. During this period, the Defendants required Narvaez to work, and Narvaez did in fact work, approximately sixty hours per week in order to fulfill her duties and meet her quota.

37. For her work during this period, Defendants did not compensate Plaintiff Narvaez at any rate, let alone the statutorily mandated minimum wage or overtime rate of one and one-half times her hourly rate, for any hours that she worked each week in excess of forty during this period.

38. In December 2013, Defendants changed Narvaez's title to Certified Application Counselor. Narvaez's duties in this capacity consisted and continue to consist of assisting

individuals in filling out applications for Qualified Health Programs under the Affordable Healthcare Act, as well as Medicaid and other government programs. As part of her duties, Narvaez is still required to meet certain quotas as to the number of individuals whom she assists in filling out applications for Qualified Health Programs.

39. From January 2013 to the present, Defendants have been paying Narvaez at an hourly rate that calculates to $21.06 per hour for the first hours worked per week.

40. During this period, the Defendants have required Narvaez to work, and Narvaez has in fact continued to work, approximately forty-five hours per week in order to meet her quota and otherwise fulfill her job duties.

41. For her work during this period, Defendants have not compensated Plaintiff Narvaez at any rate, let alone the statutorily mandated minimum wage or overtime rate of one and one-half times her hourly rate, for any hours that she worked each week in excess of forty during this period.

## PLAINTIFF ISAAC'S PAY AND HOURS

42. Plaintiff Isaac began working for Defendants as a Facilitator Enroller in or around December 2011, and continues to be employed by Defendant United as of this date.

43. From December 2011 to December 2013, Isaac's duties consisted of assisting individuals in filling out applications for Medicaid and other government programs. As part of her duties, Isaac was required to meet certain quotas as to the number of individuals whom she assisted in filling out applications for these programs. In or around December 2013, the Defendants changed Isaac's title to Certified Application Counselor. In conjunction with the title change, the only change to her duties was that she assisted individuals in applying for Qualified

Health Plans under the Affordable Healthcare Act, in addition to Medicaid and other government programs.

44. From December 2011 through in or around February 2013, Defendants paid Isaac at an hourly rate that calculates to $20.67 per hour for the first forty hours worked per week.

45. During this period, the Defendants required Isaac to work, and Isaac in fact worked, approximately sixty hours per week in order to meet her quota.

46. For her work during this period, Defendants did not compensate Plaintiff Isaac at any rate, let alone the statutorily mandated minimum wage or overtime rate of one and one-half times her hourly rate, for any hours that she worked each week in excess of forty.

47. Beginning in or around March 2013 through in or around February 2014, Defendants paid Plaintiff Isaac at an hourly rate that calculates to $20.98 per hour for the first forty hours worked per week.

48. From in or around March 2013 to in or around December 2013, the Defendants required Isaac to work, and Isaac did in fact work, approximately sixty hours per week in order to meet her quota.

49. For her work during this period, Defendants did not compensate Plaintiff Isaac at any rate, let alone the statutorily mandated minimum wage or overtime rate of one and one-half times her hourly rate, for any hours that she worked each week in excess of forty during this period.

50. From in or around January 2014 to in or around March 2014, the Defendants required Isaac to work, and Isaac in fact worked approximately fifty hours per week in order to meet her quota.

51. For her work during this period, Defendants did not compensate Plaintiff Isaac at any rate, let alone the statutorily mandated minimum wage or overtime rate of one and one-half times her hourly rate, for any hours that she worked each week in excess of forty during this period.

52. From in or around March 2014 and continuing to the present, Defendants have been paying Isaac an hourly rate that calculates to $21.19 per hour for the first forty hours worked per week.

53. During this time, the Defendants have required Isaac to work, and Isaac has in fact continued to work approximately fifty hours per week in order to meet her quota.

54. For her work during this period, Defendants have not compensated Plaintiff Isaac at any rate, let alone the statutorily mandated minimum wage or overtime rate of one and one-half times her hourly rate, for any hours that she worked each week in excess of forty during this period.

55. Defendants' failure to pay Plaintiffs Narvaez and Isaac in accordance with the FLSA, NYLL and NYCCRR was flagrant and willful.

56. Moreover, on all occasions when the Defendants paid Plaintiffs, which took place on a bi-weekly basis, the Defendants intentionally did not furnish Plaintiffs with a statement that accurately listed all of the following: Plaintiffs' total hours worked for that week; Plaintiffs' overtime rate of pay; and a computation of Plaintiffs' weekly compensation reflecting the proper base and overtime rates of pay, all in violation of N.Y. Lab. Law § 195(3).

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

57. Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

58. Defendants are or were an "employer" within the meaning of the FLSA.

59. Plaintiffs and FLSA Plaintiffs are or were "employees" within the meaning of the FLSA while the Defendants are covered "employers" within the meaning of the FLSA.

60. As described above, the Defendants failed to properly compensate Plaintiffs and FLSA Plaintiffs at time and one-half times their respective hourly rate of pay for every hour worked in excess of forty hours per week.

61. These practices were willful and lasted for the duration of all relevant time periods.

62. These practices are in violation of FLSA 29 U.S.C. §§ 201 *et seq.*

63. Plaintiffs and FLSA Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their standard rates of pay.

64. Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorney's fees for the Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Minimum Wage Violations of the FLSA*

65. Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

66. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

67. As described above, Defendants are employers within the meaning of the FLSA while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

68. As also described above, Defendants did not compensate Plaintiffs and FLSA Plaintiffs for all hours worked at the minimum hourly rate required by the FLSA.

69. Defendants' actions were in willful violation of the FLSA.

70. Plaintiffs and FLSA Plaintiffs are entitled to the difference between those amounts that Defendants paid to them and that which they were legally due under the FLSA's minimum wage provisions.

71. Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorney's fees for the Defendants' violations of the FLSA's minimum wage provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and NYCCRR*

72. Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

73. N.Y. Lab. Law § 160 and NYCCRR tit. 12, § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

74. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are or were employees within the meaning of the NYLL.

75. As also described above, Plaintiffs and Rule 23 Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiffs and Rule 23 Plaintiffs in accordance with the NYLL's and NYCCRR's overtime provisions.

76. Defendants' actions were in willful violation of the NYLL and NYCCRR.

77. Plaintiffs and Rule 23 Plaintiffs are entitled to their overtime pay for all hours worked in excess of forty at the rate of one and one-half times their respective standard rates of pay.

78. Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorney's fees for the Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

### FOURTH CLAIM OF RELIEF AGAINST DEFENDANTS
*Minimum Wage Violations of the NYLL*

79. Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

80. NYLL § 652(1) prescribes a minimum wage that employers must pay to their employees for each hour worked.

81. As described above, Defendants are or were "employers" within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are "employees" within the meaning of the NYLL.

82. As also described above, Defendants did not compensate Plaintiffs and Rule 23 Plaintiffs for all hours worked at the minimum hourly rate required by the NYLL.

83. Defendants' actions were in willful violation of the NYLL.

84. Plaintiffs and Rule 23 Plaintiffs are entitled to the difference between those amounts that Defendants paid to them and that which they were legally due under the NYLL's minimum wage provisions.

85. Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorney's fees for the Defendants' violation of the NYLL's and NYCCRR's minimum wage provisions.

### FIFTH CLAIM OF RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

86. Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

87. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

88. As described above, the Defendants willfully failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

89. Pursuant to N.Y. Lab. Law § 198(1-d), the Defendants are liable to Plaintiffs and Rule 23 Plaintiffs in the amount of $100 for each failure of this sort.

90. For their failures, besides the statutory penalties, the Defendants are also liable to Plaintiffs and Rule 23 Plaintiffs for liquidated damages and attorney's fees.

### DEMAND FOR A JURY TRIAL

91. Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs demand a trial by jury on all issues and claims in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs respectfully request:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws.

b. An order restraining Defendants from any retaliation against Plaintiffs, FLSA Plaintiffs and/or Rule 23 Plaintiffs for participation in any form in this litigation;

c. All damages that Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short

fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

d. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

e. Awarding Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

f. Designation of Plaintiffs and their counsel as class/collective action representative under the FLSA and FRCP 23;

g. Pre-judgment and post-judgment interest, as provided by law; and

h. Granting Plaintiffs, FLSA Plaintiffs and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: May 14, 2014
Great Neck, New York

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiffs*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
(516) 248-5550
(516) 248-6027

BRADLEY L. WILSON, ESQ (BW4265)
ALEXANDER T. COLEMAN, ESQ (AC1717)
MICHAEL J. BORRELLI, ESQ (MB8533)